# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

JOSHUA P. MOORE,

    Plaintiff,

vs.                                                          Case No.  4:18cv142-MW/CAS

JULIE JONES, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case on March 12, 2018. ECF No. 1.  Plaintiff submitted a civil rights complaint, ECF No. 1, and a motion requesting leave to proceed in forma pauperis, ECF No. 2. Plaintiff's motion was granted, ECF No. 4, in part, because Plaintiff alleged he was in imminent danger of serious physical injury.  ECF No. 1 at 11; *see* 28 U.S.C. § 1915(g).

While reviewing this case, it was noted that Plaintiff said in his initial complaint that he had filed "several lawsuits in court as a teenager several years ago" and advised that "several were ended and the plaintiff does not know if those count towards the P.L.R.A. (3) strike provision . . . ." ECF

No. 1 at 11.  Curiously, Plaintiff gave a somewhat contradictory response to the question as to whether he had ever had any case dismissed for a reason listed in § 1915(g).  ECF No. 1 at 13.  Plaintiff said "no," but in light of the contradictions, if Plaintiff was unsure about how to answer that question, a more honest response would have been to say so. Nevertheless, Plaintiff's doubts were resolved by the time Plaintiff filed his second amended complaint on August 27, 2018.  There, Plaintiff listed three cases which were dismissed for failure to state a claim.  ECF No. 13 at 5-6.

Another point worth noting is that the complaint form requires litigants to describe all prior cases filed.  The instructions on the form require disclosure of any case that relates "to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement . . . ."  *Id.* at 5.  Plaintiff listed only three prior federal cases.[1] ECF No. 13 at 5-6.  Judicial notice is taken that Plaintiff has filed well more than three prior cases.[2]

---

[1] Plaintiff listed three cases which he filed in the Middle District of Florida: case numbers 8:13cv354, 8:13cv588, and 8:13cv589.  ECF No. 13 at 5-6.

[2] In addition to the cases listed, the Court is aware that Plaintiff also filed case numbers 8:13cv587 (dismissed under § 1915(g) because of Plaintiff's three prior

Case No. 4:18cv142-MW/CAS

In an Order entered on August 31, 2018, Plaintiff was given an opportunity to show good cause why this case should not be dismissed for his failure to honestly disclose all prior cases, as well as all prior cases dismissed as frivolous, malicious, failing to state a claim, or prior to service. ECF No. 14.  Plaintiff's response was to be received no later than **October 1, 2018**, and Plaintiff was warned that failure to show good cause would result in a recommendation to dismiss this case.  *Id.*  Despite that warning, Plaintiff has not filed a response as of this date.  His deadline has passed. Thus, ths case should be dismissed for failure to honestly disclose prior litigation and for failing to comply with a Court Order.

Moreover, in light of the fact that Plaintiff was granted leave to proceed in forma pauperis based on his claim that he was in imminent danger while housed at Walton Correctional Institution, *see* ECF No. 1 at 5-6, Plaintiff's factual allegations have been reviewed.

---

dismissals), 8:18cv723 (dismissed for the same reasons), and 8:13cv1482 (same). Plaintiff filed case number 8:13cv352 which he litigated for several years, but which was dismissed following the disallowance of Plaintiff's claim against the Defendant in a bankruptcy proceeding.  *See* ECF No. 71 of that case.  This list may not be complete, but is sufficient to show that Plaintiff has litigated more cases than he has acknowledged.

Case No. 4:18cv142-MW/CAS

First, it does not appear that Plaintiff faces imminent danger because an Order was entered on May 24, 2018, directing Plaintiff to file an amended complaint. ECF No. 7. A month later, Plaintiff filed a motion for an extension of time, ECF No. 8, requesting a 60-day enlargement of time in which to file his amended complaint. The basis for his request was that Plaintiff was attempting to obtain grievance information to show he had exhausted administrative remedies. *Id.* Notwithstanding, that delay suggests that imminent danger was not present in this case.

Second, when Plaintiff ultimately filed his second amended complaint on August 27, 2018, he was no longer housed at Walton Correctional Institution but had been transferred to Apalachee Correctional Institution. *See* ECF Nos. 11-12. Only three Defendants listed in the second amended complaint were located at Walton C.I., with the remaining Defendants located at Calhoun C.I., the Northwest Florida Reception Center, and the Department of Corrections' Central Office. ECF No. 13 at 3. At this point, no named Defendant is located with Plaintiff.

These issues were raised in the prior Order, ECF No. 14, and it was pointed out that Plaintiff did not appear to be currently facing imminent danger of serious physical harm. The fact was raised so Plaintiff could

address the issue when submitting a third amended complaint which honestly disclosed all his prior cases. ECF No. 14. Despite being given that opportunity, Plaintiff has not filed the third amended complaint as required.[3] Accordingly, because Plaintiff was warned of the consequences should he fail to comply, this case should now be dismissed.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to honestly disclose Plaintiff's prior litigation history and for failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on October 25, 2018.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Plaintiff was informed that he had not sufficiently alleged that Defendants were failing to protect him as required by the Eighth Amendment and that his allegations were inconsistent in stating that he was in protective custody and had been denied protective custody. Additionally, Plaintiff was advised that his claims concerning Defendants located at other institutions could not proceed in this case. ECF No. 14. Plaintiff's claims must be limited to demonstrating he is in "'imminent danger,' as opposed to a past danger, to proceed under § 1915(g)'s exception to the 'three-strikes' provision of the PLRA." Skillern v. Georgia Dep't of Corr., 191 F. App'x 847, 851 (11th Cir. 2006) (citing Medberry v. Butler, 185 F.3d 1189 (11th Cir. 1999)). Plaintiff was provided the opportunity to submit a third amended complaint and allege facts showing that he faces imminent danger. ECF No. 14. Plaintiff did not do so.

Case No. 4:18cv142-MW/CAS

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.